*Anthony J. Ernest* and *George B. Hanavan* for appellant.
*Theodore H. Lord* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ.  Absent: ANDREWS, J.

---

MARJORIE F. REINBERG, Appellant, *v.* NEW YORK LIFE
INSURANCE COMPANY, Respondent.

*Insurance — provision in policy of life insurance for double insurance in
event of death from accident while riding as passenger on train —
insured killed while attempting to board passenger train — beneficiary
may not recover double indemnity.*

Reinberg v. N. Y. *Life Ins. Co.*, 201 App. Div. 858, affirmed.
(Argued January 25, 1923; decided February 27, 1923.)

APPEAL from a judgment, entered April 29, 1922, upon
an order of the Appellate Division of the Supreme Court
in the second judicial department, reversing a judgment
in favor of plaintiff entered upon a decision of the court
at a Trial Term, a jury having been waived, and directing
a dismissal of the complaint.  The action was to recover
upon a policy of life insurance.  The policy provided for
the payment of the face thereof upon receipt of due proof
of the insured's death, or double its face upon receipt of
due proof that such death was caused " directly by
accident while traveling as a passenger on a   *   *   *
railway train   *   *   *   or other public conveyance
operated by a common carrier."  The insured, while
attempting to board a passenger train of the New York
Central railroad as it was moving out of the Tarrytown
station, grasped the handrail or grab bar at the side of the
car steps and after running for some distance along the
platform, but without getting either foot on the steps,
lost his hold, fell under the train and was killed.  The
plaintiff submitted proofs of the insured's death and
claimed the double indemnity on the ground that such
death was caused directly by accident while traveling as
a passenger on the train.  The defendant claimed that
the insured was at no time traveling as a passenger on the

train and that its sole liability was for the single indemnity, which was tendered and refused. The plaintiff then brought this action for the double indemnity but after its commencement accepted payment of the single indemnity without prejudice.

*Winfield L. Morse* for appellant.

*Louis H. Cooke* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ. Absent: ANDREWS, J.

---

FREDERICK L. RYON, Respondent, *v.* JOHN WANAMAKER, NEW YORK, INC., et al., Appellants.

*Equity — husband and wife — action to recover back assigned mortgages — liability of husband for indebtedness incurred by wife.*

*Ryon* v. *John Wanamaker, N. Y., Inc.,* 202 App. Div. 848, affirmed. (Argued January 26, 1923; decided February 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 29, 1922, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was in equity to recover back the mortgages assigned by plaintiff to defendant. Plaintiff contended that he was induced to execute said assignments without consideration as the result of a mistake on his part, and of unfair, deceptive and inequitable conduct on the part of defendant. It appeared that plaintiff's wife, without his consent, purchased goods from defendant during three months in an amount exceeding $16,000, for which she failed to pay; that defendant's agents induced plaintiff to make the assignment in question upon their representations that he was personally liable for such indebtedness.

*Richard Ely* for appellants.

*Henry A. Uterhart* and *James W. Hyde* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ. Absent: ANDREWS, J.